UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINA JOHNSON,

    Plaintiff,

v.

    Civil Case No. 17-10215
    Honorable Linda V. Parker

DETROIT ENTERPRISE ACADEMY,

    Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY**

In this action, Plaintiff Martina Johnson ("Johnson") alleges that Defendant Detroit Enterprise Academy ("DEA") violated the federal Telephone Consumer Protection Act ("TCPA") when it directed a couple hundred automated calls to Johnson's cellular phone. The matter presently is before the Court on DEA's motion to stay. (ECF No. 10.) DEA asks the Court to stay these proceedings at least until the United States Court of Appeals for the District of Columbia Circuit issues a decision in *ACA International v. FCC*, Case No. 15-122 (D.C. Cir. filed July 10, 2015). The petitioner in *ACA International* is challenging the Federal Communications Commission's declaratory ruling and order interpreting numerous provisions of the TCPA.

## Background

Under the TCPA, the term "automatic telephone dialing system" is defined as equipment with "the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Use of such an autodialer to call a cell phone without the "prior express consent of the called party" is prohibited. *Id*. § 227(b)(1)(A)(iii). In July 2015, the FCC reaffirmed a previous statement that the TCPA defines autodialers to include equipment that "has the capacity to store or produce, and dial random or sequential numbers ... even if it is not presently used for that purpose …." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961, 7971-72 (2015). The 2015 Ruling additionally clarified that "a called party may revoke consent at any time and through any reasonable means," and that "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber," although it provided for a "one call" safe-harbor, allowing the caller to gain actual or constructive notice once the number is reassigned from the party who gave consent. *Id*. at 7989-90, 7999-8000.

Two Circuit Courts of Appeals have interpreted the term "called party" in the TCPA with respect to who may give consent for the calls in a manner consistent with the FCC's ruling: *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639-41 (7th Cir. 2012); *Osorio v. State Farm, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014). Nevertheless, DEA urges this Court in the interest of judicial economy to stay these

proceedings until the D.C. Circuit decides the issue, as well as defines the term "automatic telephone dialing system" ("ATDS"). DEA cites several opinions in this District where judges stayed proceedings pending the *ACA International* decision.

**Analysis**

" 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.' " *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Envt'l Council v. U.S. Dist. Court. S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1997)). The Sixth Circuit Court of Appeals warns courts to "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay. *Ohio Envt'l Council*, 565 F.2d at 396. The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The moving party must show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Envtl. Council*, 565 F.2d at 396. Here, DEA does not satisfy its burden.

First, the Court finds little harm to DEA if the case proceeds. Contrary to DEA's assertion, this Court does not view the D.C. Circuit's ruling in *ACA International* as dispositive. Instead, this Court believes that this lawsuit will continue

3

regardless of how the *ACA International* court rules. Discovery regarding the type of calling system DEA uses will be necessary to determine whether it fits whatever definition of ATDS is adopted. Even if the *ACA International* court holds that the "called party" is the intended recipient of the calls rather than the consumer assigned the telephone number dialed, DEA still may be liable to Johnson. This is because Johnson alleges in her Complaint that she told DEA she was not the person it was attempting to reach and asked that DEA stop calling her. (Compl. ¶¶ 18-19, ECF No. 1.)

The panel in *ACA International* held oral argument ten months ago, on October 19, 2016. The court likely will issue a decision soon—well before any deadline for dispositive motions or possible final pretrial conference or trial date in this case.

Second, the Court is not convinced that "[Johnson] will suffer no prejudice if this case is stayed[,] as DEA asserts." (Def.'s Mot. at 11, ECF No. 10 at Pg ID 46.) The Court did sign a stipulated order allowing Plaintiff to subpoena her cellular phone records to avoid their disposal pursuant to her carrier's record retention policies. (ECF No. 15.) Nevertheless, a stay would prevent Johnson from using a subpoena to request phone records from DEA's carrier. Moreover, as indicated earlier, Johnson has "a right to a determination of [her] rights and liabilities without undue delay." *Ohio Envt'l Council*, 565 F.2d at 396. A stay harms this right.

Next, for the reasons discussed above, the Court is not inclined to conclude that a stay will preserve judicial resources. To the extent the *ACA International* decision

regardless of how the *ACA International* court rules. Discovery regarding the type of calling system DEA uses will be necessary to determine whether it fits whatever definition of ATDS is adopted. Even if the *ACA International* court holds that the "called party" is the intended recipient of the calls rather than the consumer assigned the telephone number dialed, DEA still may be liable to Johnson. This is because Johnson alleges in her Complaint that she told DEA she was not the person it was attempting to reach and asked that DEA stop calling her. (Compl. ¶¶ 18-19, ECF No. 1.)

The panel in *ACA International* held oral argument ten months ago, on October 19, 2016. The court likely will issue a decision soon—well before any deadline for dispositive motions or possible final pretrial conference or trial date in this case.

Second, the Court is not convinced that "[Johnson] will suffer no prejudice if this case is stayed[,] as DEA asserts." (Def.'s Mot. at 11, ECF No. 10 at Pg ID 46.) The Court did sign a stipulated order allowing Plaintiff to subpoena her cellular phone records to avoid their disposal pursuant to her carrier's record retention policies. (ECF No. 15.) Nevertheless, a stay would prevent Johnson from using a subpoena to request phone records from DEA's carrier. Moreover, as indicated earlier, Johnson has "a right to a determination of [her] rights and liabilities without undue delay." *Ohio Envt'l Council*, 565 F.2d at 396. A stay harms this right.

Next, for the reasons discussed above, the Court is not inclined to conclude that a stay will preserve judicial resources. To the extent the *ACA International* decision

clarifies the law, this likely will occur before any legal issues are presented to this Court for review.

## Conclusion

Finding little or no prejudice to DEA without the stay, prejudice to Plaintiff if DEA's request for a stay is granted, and that a stay will not help conserve judicial resources, the Court concludes that a stay is not warranted. The Court will be setting a date for a scheduling conference shortly.

Accordingly,

**IT IS ORDERED** that Defendant's motion to stay is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 7, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager